PEDRO RUIZ, demandante y apelado, *v.* DANIELA MORENO, demandada y apelante.

No. 4992.—*Sometido:* Marzo 18, 1930. *Resuelto:* Marzo 31, 1930.

*F. Cervoni Gely* y *H. B. Llenza,* abogado's de la apelante; *González Fagundo & González Jr.,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

En este procedimiento de *injunction* para recobrar la posesión alegó la demandada la excepción previa de no aducir la demanda hechos determinantes de causa de acción. Esa excepción fué desestimada por la corte, la que después del juicio dictó sentencia contra la demandada; y en esta apelación señala como primer motivo de error el haber desestimado la corte dicha excepción previa.

Dice la apelante en su alegato que su excepción previa está justificada porque en la demanda no se describe el pedazo de solar en litigio de manera tan clara que pueda ser identificado por el márshal en un momento dado.

El apelado expone en su demanda que desde hace algunos años está en posesión de un solar de 405 metros cuadrados en la población de Humacao y hace su descripción por puntos,

medidas y colindancias, apareciendo de ella que en ese solar existe una casa y que la colindancia oeste del solar es la calle del Desengaño y Angela Moreno, siendo la colindancia norte el ensanche de José Manuel Pérez; y la porción de ese solar de que el demandante alega ha sido privado por la demandada es una faja de terreno en la colindancia oeste con Angela Moreno que tiene 21.50 metros de largo por 2.50 metros de ancho en la colindancia con el ensanche de José Manuel Pérez y 4.25 metros en la otra base. Nos parece que con esos datos el pedazo de solar está bien identificado.

■ En la demanda se dice que la demandada hizo el despojo contra la voluntad del demandante, sin su consentimiento y de una manera subrepticia, valiéndose de amenazas consistentes en agredir a cualquier persona que tratara de impedir los actos que estaba realizando; palabras que la apelante estima son antagónicas y que por esto no existe causa de acción.

Esas palabras alegan el acto del despojo por la demandada, esencial en el procedimiento que se instituyó, y no hay antagonismo entre ellas pues todas se refieren a la falta de consentimiento del demandante.

■ También se alega que la demanda no está bien jurada, pero eso no es así pues la persona que la jura dice que todos los hechos expuestos en ella son ciertos y le constan de propio conocimiento y que hace ese juramento porque el demandante no tiene conocimiento personal de los hechos.

■■■ El segundo motivo de error es por haber sido desestimada la moción solicitando sentencia (nonsuit) fundada en que la prueba no sostiene las alegaciones de la demanda; y el tercero, porque hubo error al dictar sentencia a favor del demandante. Ambos motivos de error pueden ser considerados conjuntamente pues se refieren a la insuficiencia de la prueba para sostener la sentencia.

Hemos examinado la evidencia que fué presentada por las partes y encontramos que es suficiente para sostener la

sentencia apelada, pues por los testigos del demandante ha quedado demostrado que estaba en posesión del terreno que reclama cuando lo ocupó la demandada con una cerca que puso. La apelante no negó en su declaración que hizo poner tal cerca, aunque ella y sus testigos dicen que está colocada dentro de los terrenos que le pertenecen. Como cuestión de hecho la demandada Moreno ocupó un terreno que estaba poseyendo el demandante; y si esa cerca divisoria de las propiedades contiguas ha sido colocada por la demandada en terrenos que son propiedad suya es cuestión que no puede ser resuelta en el procedimiento origen de este recurso.

*La sentencia apelada debe ser confirmada.*