MIGUEL J. ARZUAGA, demandante y apelante, *v.* FRANCISCO AMADOR, demandado y apelado.

No. 7146.—*Sometido:* Marzo 19, 1936. *Resuelto:* Noviembre 18, 1936.

·González Fagundo & González, Jr., abogados del apelante; Angel Fernández Sánchez, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El demandante alega haber estado en la posesión de ·cierto solar durante el año precedente a la presentación de su demanda y que fué despojado de la posesión de parte del mismo por el demandado. Este último niega que haya en momento alguno desposeído al demandante del solar o . parte del solar descrito en la demanda. Después que la ·corte había denegado la moción del demandante para que se ·dictara sentencia sobre las alegaciones, el caso fué a juicio. La demanda fué declarada sin lugar.

El apelante señala nueve errores.

El primer error se refiere a la negativa de la corte ·a dictar sentencia sobre las alegaciones. Hemos examinado la demanda y la contestación y encontramos que en realidad el demandado ha incluído en su contestación algunas alega-·ciones innecesarias y quizá irrelevantes. El demandante insiste en que el demandado ha dejado de negar específica-mente las alegaciones de la demanda, como lo requiere el artículo 110 del Código de Enjuiciamiento Civil, Edición de 1933, que no se ha planteado controversia (*issue*) alguna y ·que la demanda queda admitida. Resolvemos que el se-gundo párrafo de la contestación pone en controversia la ·cuestión del alegado desposeimiento. El demandado niega ·específicamente que él haya despojado al demandante de la

posesión del solar o de parte alguna del mismo. Esto de por sí sería suficiente para justificar la orden de la corte. Pero hay más, ya que si examinamos el segundo párrafo de la demanda e intentamos localizar la parcela de tierra allí descrita dentro del solar descrito en el primer párrafo de la misma demanda, encontramos que es imposible hacerlo. Eso tendería a hacer la demanda defectuosa en el sentido de que no describe propiamente el terreno en controversia. Sobre la moción que se discute la corte pudo, por lo tanto, haber dictado sentencia contra el demandante, pero desde luego le hubiera permitido enmendar. En realidad durante el juicio se intentó aclarar la verdadera o supuesta situación del solar.

■ El segundo error se basa en la omisión de la corte a emitir una opinión como lo requiere el artículo 227 del Código de Enjuiciamiento Civil. Hasta el 1925, cuando dicho artículo fué enmendado, la jurisprudencia de esta corte claramente sostenía que las resultancias de hecho eran innecesarias y que aun la falta de emitir una opinión no sería motivo de revocación. Aunque el apelante ha dejado de mostrarnos razón alguna por la cual debemos variar o modificar nuestras decisiones pasadas, él no intentó obtener de la corte inferior la opinión indicada en la sección 227, supra. Además, la corte en el curso del juicio dejó ver su posición en cuanto al peso de la prueba y en cuanto a otras cuestiones. Puede decirse que la sentencia de la corte equivalía a una resolución sobre una moción de *nonsuit* luego de haberse presentado toda la evidencia.

■ Los errores tercero, cuarto, quinto, sexto, séptimo y octavo están todos relacionados entre sí y pueden discutirse conjuntamente. La objeción en todos es que no se debe permitir investigación alguna respecto al título del solar en controversia. El apelante quizá esté en lo cierto bajo distintas circunstancias, pero después de examinar la evidencia nuestra conclusión es que dichos errores, si los

hubo, no fueron perjudiciales. Recaía sobre el demandante el peso de probar el desposeimiento.

La evidencia es algo confusa y el apelante no nos convence de que él demostró su derecho a un *injunction* o que el apelado le privara de la posesión. Algunos testigos declararon teniendo diagramas a la vista y sin embargo dichos diagramas no han sido incluídos en el récord, ni el propósito del testimonio claramente indicado.

*La sentencia apelada debe ser confirmada.*

Los Jueces Señores Presidente del Toro y Asociado Travieso, no intervinieron.

El Juez Asociado Señor Hutchison está conforme con el resultado.