Ezequiel Forastieri, demandante y apelante, *v.* Antonio Longo y Ramón Díaz, demandados y apelados.

Núm. 7722.—*Sometido:* Abril 21, 1939. *Resuelto:* Junio 24, 1939.

*Francisco González Fagundo,* abogado del apelante; *Virgilio Brunet,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El 29 de septiembre de 1936 Ezequiel Forastieri instó este pleito para recobrar la posesión de cierto predio de terreno radicado en la jurisdicción de Caguas. Alegó que dentro del año inmediatamente anterior a la radicación de la demanda se hallaba en posesión del predio de terreno de dos cuerdas más o menos que se describe más adelante, que el 22 de agosto de 1936 los demandados se apoderaron del indicado predio, cercándolo a pesar de las protestas del demandante y que se negaron a restituirle su posesión. Termina la demanda con súplica de que se restablezca al demandante en la posesión de que fué privado y se ordene a los demandados que se abstengan en lo sucesivo de realizar acto alguno tendente a despojar al demandante de la posesión del referido predio, apercibiéndolos de desacato, con imposición de costas a los demandados.

El predio de terreno de cuya posesión alega el demandante que fué privado se describe así:

"Rústica, predio de terreno compuesto de dos cuerdas más o menos radicada en el barrio Bairoa del término municipal de Caguas, Puerto Rico, colindante por el Norte con el Río Cagüitas, por el Sur con el resto de la finca principal de la cual forma parte, por el Este, con la Sucesión de Ramona Amalbert, y por el Oeste con la finca principal de la cual forma parte."

Contestaron los demandados negando por falta de información y creencia que en 22 de agosto ni en ninguna otra fecha el demandante o su antecesor en título hubiera estado en posesión del predio descrito en la demanda. Alegaron en contrario que dieron órdenes a varios obreros para que restablecieran una cerca al costado Sur y Oeste de un predio de terreno de cuatro cuerdas más o menos que forma parte de la finca Santa Catalina, propiedad del demandado, Antonio Longo, el que se describe así:

"Predio de terreno compuesto de cuatro cuerdas más o menos radicado en el barrio Bairoa del término municipal de Caguas, Puerto Rico, colindando por el Norte con el Río Cagüitas, por el Sur con terreno de don Ezequiel Forastieri, por el Este con la Sucesión de Ramona Amalbert, y por el Oeste con el camino del Matadero."

Al llamarse el pleito a juicio oral el demandante solicitó la eliminación de aquella parte de la contestación que alega que los demandados cercaron el predio de cuatro cuerdas, por estimar que dicho predio es una finca distinta de la que se describe en la demanda y que por consiguiente es inmaterial y extraño a la controversia el hecho de que los demandados se hallen en posesión de cualquiera otra finca distinta del predio que se describe en la demanda.

Aseguraron los demandados que el predio a que se refiere la contestación es el mismo que se describe en la demanda, con la sola diferencia de que el demandante erróneamente calcula su superficie en dos cuerdas cuando en realidad de verdad tiene un área de cuatro cuerdas más o menos.

Se desestimó la moción eliminatoria, procediéndose a la celebración del juicio.

Oídas las pruebas de una y otra parte celebrada que fué una inspección ocular, se dictó sentencia desestimando la demanda y se impusieron las costas al demandante, incluyendo honorarios de abogado, que fueron fijados en la sentencia en la cantidad de $100.

Apeló el demandante, imputando a la corte sentenciadora la comisión de los siguientes errores:

"Primero: La Corte de Distrito de Humacao cometió error al declarar sin lugar la moción del demandante solicitando la eliminación del hecho segundo de la contestación en la parte que se refiere a la posesión de una finca de cuatro cuerdas.

"Segundo: La sentencia dictada no está sostenida por la prueba y el Juez cometió grave error en la apreciación de la misma.

"Tercero: La sentencia es contraria a derecho y a la jurisprudencia de esta Hon. Corte Suprema."

El primer señalamiento de error carece de méritos. Si como alegaron los demandados y demostró la prueba, el predio descrito en la contestación es el mismo cuya posesión reclama el demandante, no debieron los demandados negar las alegaciones de la demanda por falta de información y creencia, pues el estar ellos o no en posesión de determinado predio es un hecho que está dentro de su conocimiento personal, y no necesitan información alguna para admitirlo o negarlo; pero como no fué ésa la objeción que levantó el demandante, y la prueba demuestra que el predio descrito en la demanda y en la contestación es el mismo, con la variante de la cabida y una discrepancia en uno de los linderos, discrepancia que claramente explican los demandados, tenemos que concluir que la corte sentenciadora no incurrió en el error que le imputa el demandante al desestimar como desestimó la moción eliminatoria.

Los siguientes dos errores pueden discutirse conjuntamente.

En este caso no hemos tenido el beneficio de la opinión del juez sentenciador. Tampoco aparece del récord el acta de la inspección ocular ni en la sentencia se exponen las observaciones que hiciera la corte en el acto de la inspección. Conviene aquí consignar la necesidad y conveniencia de que los jueces de distrito basen sus sentencias en opiniones donde expongan sus conclusiones de hecho y de derecho. No solamente auxilian al tribunal de apelación en el estudio y resolución de las cuestiones planteadas por las partes, sino lo que es más importante aún, dan a conocer al litigante perjudicado por la sentencia las razones que ha tenido el tribunal para denegarle lo que él quizá de buena fe creyó era la justicia a que tenía derecho. Con este propósito se dice en un artículo publicado en el número de junio actual del "Journal of the American Judicature Society", que el objetivo principal de las opiniones judiciales es satisfacer a los litigantes, quienes tienen derecho a que se les contesten y discutan sus contenciones. Es verdad que el articulista se refiere a las opiniones de las cortes de última instancia, pero es igualmente aplicable a las cortes de récord de primera instancia cuyas conclusiones de hecho son aceptadas por el Tribunal Supremo a menos que se demuestre o resulte del récord que el juez ha actuado movido por pasión, prejuicio o parcialidad, o que ha cometido error manifiesto en la apreciación de la prueba.

De todos modos, la transcripción de evidencia revela que existe un irreconciliable conflicto en la prueba, pues mientras la del demandante tiende a demostrar que estuvo en posesión del predio en controversia hasta el 22 de agosto de 1936, la de los demandados es al efecto de que éstos restablecieron una antigua cerca por donde siempre había existido y que el demandado Longo había estado constantemente en posesión de la referida parcela como parte integrante de una finca de su propiedad denominada Santa Catalina.

El juez sentenciador dirimió el conflicto de la prueba a favor de los demandados y no existiendo razón legal alguna

que justifique rechazar su criterio, debemos aceptarlo. Siendo ello así, debe prevalecer la contención de los demandados. *Arzuaga* v. *Amador,* 50 D.P.R. 619; *Vázquez* v. *Díaz,* 51 D.P.R. 175.

*No existiendo los errores señalados por el apelante, procede desestimar el recurso y confirmar la sentencia apelada.*

El Juez Asociado Sr. Travieso no intervino.