ARMANDO VALLE, demandante y apelado, *v.* MONSERRATE ARROYO, demandada y apelante.

Núm. 8338.—*Sometido:* Junio 26, 1941. *Resuelto:* Julio 21, 1941.

*Rafael Atiles Moréu,* abogado de la apelante; *Edelmiro Soldevila,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

En la demanda radicada en este caso se alega, que durante más de un año con anterioridad al 12 de agosto de 1940, el demandante poseía con carácter de dueño una finca rústica de 274.86 cuerdas, radicada en el término municipal de Villalba; que el día 12 de agosto de 1940, *según información y creencia del demandante,* la demandada personalmente penetró en dicha finca, *por medio de la violencia y clandesti-*

*namente,* se instaló en una casa que hay en la finca, amenazando recolectar y apropiarse los frutos del inmueble; *que según información y creencia del demandante,* la demandada se ha negado a reconocer la autoridad del demandante como poseedor civil del inmueble, impidiéndole que por sí o por medio de sus representantes entre a la finca para cultivarla y recolectar sus frutos; que la demandada se ha negado a desocupar la finca, declara públicamente que ella es su dueña y amenaza al demandante con inferirle grave daño corporal si trata de penetrar en ella.

La demandada radicó oportunamente una moción eliminatoria y, además, una excepción previa basada en la alegada insuficiencia de los hechos expuestos en la demanda para constituir causa de acción. Radicó también una contestación.

En la moción se pedía la eliminación de los párrafos 3 y 4 de la demanda ''porque un demandante en *injunction* para recobrar la posesión, no puede alegar por información y creencia, hechos que presumiblemente están dentro de su conocimiento personal; y si no los conoce, debe una tercera persona que conozca los hechos jurar la demanda, y no el demandante que no los conoce directamente.''

Vistas la moción eliminatoria y la excepción previa, y habiendo la demandada solicitado y la corte ordenado la eliminación de la contestación, la Corte de Distrito de Ponce dictó sentencia a favor del demandante. No estando conforme, la demandada interpuso el presente recurso, alegando que la corte inferior erró al declarar sin lugar la moción eliminatoria y la excepción previa y al dictar sentencia sobre las alegaciones a base de una demanda insuficiente. Discutiremos los tres señalamientos conjuntamente por ser una sola la cuestión legal en ellos envuelta, la que formularemos así: ¿Es defectuosa e insuficiente una demanda de injunction para recobrar la posesión, por el solo fundamento de que ciertos hechos esenciales de la misma se alegan por información y creencia del demandante?

El artículo 690 del Código de Enjuiciamiento Civil, ed. 1933, concede a cualquier persona que haya sido perturbada en o despojada de la posesión o tenencia de una propiedad inmueble, el derecho a solicitar un injunction para retener o recobrar la posesión. Y el artículo 691 del mismo código dispone que la demanda será *redactada* y *jurada* de acuerdo con las disposiciones del Código de Enjuiciamiento Civil, y que en ella se hará constar que el demandante, dentro del año precedente a la presentación de la demanda, estaba en la posesión real de la finca y que ha sido despojado de dicha posesión, describiendo los hechos constitutivos del despojo.

La demanda en el caso de autos contiene todas las alegaciones requeridas por el citado artículo 691, y son suficientes para justificar una sentencia sobre las alegaciones.

El artículo 118 del Código de Enjuiciamiento Civil, en lo que es pertinente, dispone:

"...En todos los casos de alegaciones juradas, la declaración escrita y jurada de la parte deberá afirmar que le consta por propio conocimiento que es cierto lo alegado, excepto en cuanto a las materias que en dicha declaración manifieste conocer por su información o creencia, en cuyo caso expresará que las cree ciertas."

El juramento (*verification*) de la demanda en este caso cumple con los requisitos del citado estatuto.

El caso de *Forastieri* v. *Longo,* 55 D.P.R. 203, 206, no es de aplicación. En la ágina 206 aparece el siguiente *dictum,* en que se apoya la apelante:

"...Si como alegaron los demandados y demostró la prueba, el predio descrito en la contestación es el mismo cuya posesión reclama el demandante, no debieron los demandados negar las alegaciones de la demanda por falta de información y creencia, pues el estar ellos o no en posesión de determinado predio es un hecho que está dentro de su conocimiento personal, y no necesitan información alguna para admitirlo o negarlo; pero como no fué ésa la objeción que levantó el demandante..."

En el caso de autos, lo único que se alega en la demanda, por información y creencia, es la entrada ilegal de la demandada en la finca que poseía el demandante; y la negativa de la demandada a desalojar la finca. Esos no son hechos que necesariamente deban estar dentro del conocimiento personal del demandante, pues es posible que la entrada de la demandada en la finca se hubiese verificado durante la ausencia del demandante y que éste conozca esos hechos por lo que le hayan informado sus empleados o los vecinos.

El hecho de que una persona distinta del demandante, que tenga conocimiento personal de hechos que el demandante no conoce, pueda jurar una demanda, según se resolvió en *Ruiz* v. *Moreno,* 40 D.P.R. 760, no impide el que esa misma demanda pueda ser jurada por el demandante, como parte interesada, por información y creencia, pues el artículo 118 del Código de Enjuiciamiento Civil así lo autoriza.

*La corte inferior no erró al dictar sentencia sobre las alegaciones. La sentencia recurrida debe ser confirmada.*