PEDRO ROSADO DÁVILA, demandante y apelado, *v.* RAFAELA CABRERA, demandada y apelante.

Núm. 8606.—*Sometido:* Noviembre 3, 1943. *Resuelto:* Diciembre 3, 1943.

660

*Zoilo Dueño González,* abogado de la apelante; *Juan Ramos Lebrón,* abogado del apelado.

El Juez Presidente Interino Señor Travieso emitió la opinión del tribunal.

Este es un caso de *injunction* para retener la posesión de una finca rústica. Alega el demandante que él está en posesión de una finca de 1.34 cuerdas; que la demandada, "desde el mes de abril de 1941 y hasta la fecha de la presentación de esta demanda, ha venido perturbando al demandante en la posesión", impidiéndole cercar la finca y arrancando los postes cada vez que el demandante ha tratado de cercar su propiedad. La demanda fué radicada el 27 de abril de 1942.

El día 4 de mayo de 1942, fecha señalada para la vista, no habiendo comparecido la demandada, la corte declaró con lugar la demanda. El mismo día después de haber pasado la hora señalada para la vista, compareció la demandada por medio de abogado y solicitó permiso para litigar como pobre. Solicitó también que se dejase sin efecto la sentencia dictada en su contra, alegando que ella vive en un barrio del término municipal de San Lorenzo; que a pesar de haberse levantado temprano, tuvo que ir a pie hasta San Lorenzo, en donde consiguió guagua para ir a Humacao, y que por ese motivo y por haberse efectuado en ese mismo día el cambio de hora en la Isla, llegó a la corte unos minutos después de

haberse declarado ésta en receso. La moción fué acompañada de un *affidavit* de méritos y de una contestación en la cual la demandada negó específicamente las alegaciones de la demanda, especialmente la referente a la posesión de la finca por el demandante. Como materia nueva alegó que la demanda no aduce hechos suficientes para constituir causa de acción y es ambigua, ininteligible y dudosa; y que durante los últimos veinte años la demandada ha estado en posesión de una finca de cuatro cuerdas más o menos, de la cual forma parte la parcela que reclama el demandante.

En mayo 25 de 1942, la Corte de Distrito de Humacao dictó sentencia en la que hace constar que "a petición del abogado del demandante y no habiendo contestado la demanda la demandada Rafaela Cabrera, ni hecho alegación alguna en contra de la misma, la Corte dicta sentencia en rebeldía contra la demandada, declarando con lugar la demanda y expidiendo un Auto de Injunction para retener el demandante la posesión de la descrita finca". La demandada fué condenada a pagar las costas y $50 de honorarios de abogado.

En junio 23 de 1942, la demandada radicó una moción para que se dejara sin efecto la sentencia y se señalara el caso para ser visto en su fondo. En la moción se alega que la Corte "a petición de las partes" fijó el 25 de mayo para discutir la moción para dejar sin efecto la sentencia, radicada por la demandada el 4 de mayo de 1942 por medio de su abogado F. R. Aponte; que dicho abogado Sr. Aponte notificó por correo a la demandada sobre dicho señalamiento, pero que la carta que contenía la notificación le fué devuelta al abogado marcada *"unclaimed"*.

El 21 de julio de 1942, fecha señalada para la vista de la moción para dejar sin efecto la sentencia, compareció el abogado del demandante, mas no así el de la demandada, no obstante haber sido notificado del señalamiento. Por ese motivo y por no haberse radicado el affidavit en apoyo de la moción, la corte la declaró sin lugar.

En agosto 11 de 1942 la demandada radicó escrito de apelación. Su abogado ha radicado un alegato en apoyo del recurso, en el que sostiene: (*a*) que la corte inferior no tuvo jurisdicción para dictar sentencia en rebeldía por no haber sido notificada la demandada del señalamiento del caso para el 25 de mayo de 1942; y (*b*) que la demanda no aduce hechos constitutivos de causa de acción, por cuanto en ella no se alega que el demandante, dentro del año precedente a la presentación de la demanda estuviera en la posesión real de la finca en litigio, razón por la cual la sentencia recurrida es nula e ineficaz.

 (*a*) A nuestro juicio la corte inferior actuó con jurisdicción. Del récord aparece que el día 4 de mayo de 1942, fecha señalada para la vista, la demandada estuvo representada por el abogado Mario Orsini, y que éste al ser llamado el caso renunció la representación de la demandada, sin haber hecho alegación alguna en contra de la demanda. La demandada fué notificada del señalamiento, pero llegó después de la vista del caso, por haber tenido que recorrer una gran distancia desde su casa hasta la corte. Cuando por fin llegó, se enteró de que el abogado a quien había confiado la defensa de su caso lo había abandonado, y entonces confió su representación a otro letrado, que si bien fué muy activo en radicar el mismo día 4 de mayo una moción para litigar *in forma pauperis*, otra para dejar sin efecto la sentencia y un proyecto de contestación, no lo fué para urgir y defender la anulación de la sentencia. No mejoró la suerte de la demandada al confiar su representación a otro abogado. Este solicitó la anulación de la sentencia, pero se olvidó de presentar con su moción un affidavit de méritos y de comparecer a defender su moción — el día señalado por la corte en su presencia.

Es preciso convenir en que un poco de diligencia e interés por parte de uno solo de los tres abogados que en distintas etapas del procedimiento llevaron la representación de

la demandada, hubiera dado una oportunidad a la corte sentenciadora para hacer uso de su discreción y dejar sin efecto. la sentencia y entrar a conocer del caso en sus méritos.

No debemos dejar pasar esta oportunidad sin hacer constar nuestra desaprobación de la práctica de renunciar o abandonar la representación de un cliente sin antes avisar a éste con tiempo suficiente para que pueda obtener los servicios de otro abogado. El abogado que acepta la defensa de los intereses de un cliente está obligado a defenderlos, lo mismo en el caso del cliente pudiente que en el del insolvente, hasta haber dado al cliente una oportunidad de conseguir otro defensor. Ningún abogado está obligado a aceptar la representación de una persona insolvente, pero si la acepta se obliga a defenderla con la misma diligencia, celo e interés que si se tratara de un cliente pudiente. Esas obligaciones profesionales quedaron incumplidas en el caso de autos.

■ (*b*) La demanda interpuesta en este caso aduce hechos suficientes para constituir causa de acción.

La sección 2 de la Ley proveyendo Procedimientos para Recobrar la Posesión de Propiedad Inmueble (Artículo 691, Código de Enjuiciamiento Civil, Edición 1933), dispone que en la demanda de injunction se hará constar:

"(1) Que el demandante, dentro del año precedente a la presentación de la demanda, estaba en la posesión real de la propiedad que en dicha demanda se describe, si trata de recobrarla, y estaba y está, si de retenerla."

En el presente caso el demandante alega que él está en posesión de la finca y que desde el mes de abril de 1941 la demandada ha venido perturbándole en su posesión. Y pide el injunction para poder retener la posesión libre de las perturbaciones de la demandada. Esa alegación es suficiente para cumplir con el requisito del estatuto de que en la demanda se hará constar que el demandante estuvo en posesión dentro del año precedente a la radicación de la demanda.

(c) En su argumentación oral ante esta corte, el abogado de la demandada apelante llamó nuestra atención hacia el hecho de que la corte inferior había dictado sentencia en contra de la demandada sin que el demandante presentara prueba alguna para sostener las alegaciones de su demanda.

¿Estando jurada la demanda, siendo ésta suficiente prima facie para determinar una causa de acción en contra de la demandada y no habiendo ésta comparecido o hecho alegación alguna en la fecha señalada para la vista, estaba facultada la Corte de Distrito para dictar la sentencia que dictó, sin requerir del demandante la presentación de prueba para sostener las alegaciones de su demanda? Veamos la ley.

La sección 1 de la ya citada Ley proveyendo el Procedimiento para Recobrar la Posesión de Propiedad Inmueble, dispone que ''Se concederá un injunction para retener o recobrar la posesión material de propiedad inmueble, a instancia de parte interesada, *siempre que ésta demuestre, a satisfacción de la corte,* que ha sido perturbada en la posesión o tenencia de dicha propiedad'' (itálicas nuestras). La sección 2 de la misma ley provee que ''la demanda será redactada y jurada de acuerdo con las disposiciones del Código de Enjuiciamiento Civil.''

La ley de marzo 13 de 1913 (núm. 43, pág. 85), que venimos examinando, tuvo su origen en y vino a sustituir los artículos 1651 y siguientes de la Ley de Enjuiciamiento Civil Española, que establecen los interdictos posesorios de retener y de recobrar, como remedio para la sumaria restitución y defensa de la posesión. El interdicto es un procedimiento sumario que sólo tiene por objeto el de decidir interinamente sobre la actual y momentánea posesión, o sea sobre el hecho de la posesión, sin perjuicio del derecho de los interesados; y también suspender o evitar un hecho que pueda perjudicar o causar daño al poseedor.

El artículo 1651 de la Ley de Enjuiciamiento Civil Española determina los casos en que procederá el interdicto de

retener o de recobrar. El artículo 1652 provee que en la demanda "Se ofrecerá información para acreditar" (1) que el reclamante se halla en la posesión o tenencia de la finca, y (2) que ha sido inquietado o perturbado en ella, expresando claramente los actos en que consista la perturbación. El artículo 1654 dispone que "si de la información resultaren comprobados los dos extremos expresados en el artículo 1652", el juez mandará convocar a las partes a juicio verbal. De acuerdo con el artículo 1656, "para la celebración del juicio verbal se observará lo prevenido en los artículos 1644 y siguientes, *llevándolo a efecto aunque no concurra el demandado.*" (Itálicas nuestras.) Provee además el citado artículo 1656, que sólo se admitirán las pruebas que se refieran a la posesión del reclamante y a los actos de perturbación o despojo realizados por la parte demandada.

En su obra "Ley de Enjuiciamiento Civil", volumen 6, páginas 153–154, dice Manresa:

"Hemos dicho que la audiencia que se concede al demandado en estos interdictos ha de ser por medio de juicio verbal, en cuyo acto podrá alegar y probar cuanto a su defensa conduzca. Para que sobre esto no haya dudas y abusos, se ha adicionado el artículo 1655, por el que se previene que 'no se admitirá al demandado escrito alguno cuyo objeto sea impugnar la demanda, ni pretensión que dilate la celebración del juicio'. Éste ha de celebrarse en el día y hora señalados, *concurra o no el demandado,* sin que pueda admitírsele ninguna pretensión que tienda a dilatarlo." (Itálicas nuestras.)

En su discusión de este punto legal sobre los interdictos, la Enciclopedia Jurídica Española, al tomo 19, página 786, dice:

"Estos extremos han de justificarse del único modo que puede hacerse, por referirse a cosas que están a la vista de la gente o sea por medio de testigos, cuya información se ofrecerá en la propia demanda para acreditar que el reclamante o su causante se halla en la posesión o en la tenencia de la cosa y que ha sido inquietado o perturbado en ella, o tiene motivos fundados para creer que lo será, o bien que ha sido ya despojado de dicha posesión o tenencia.

"Para que la información produzca el efecto deseado, es decir, para que tenga eficacia, es preciso que se puntualicen y acrediten cumplidamente en ella de un modo que no pueda dar lugar a la menor duda, los actos exteriores en que consistan el conato de perturbación o la propia perturbación y el despojo, y se haga constar si fueron ejecutados por el demandado u otro por orden de éste, especificando la certeza de esta última aseveración para que quede acreditado si ese tercero obró por sí y ante sí, o como mandatario de la persona contra la cual se dirige la acción.

"Practicada la información, si resultaren de ella comprobados los dos extremos mencionados, el juez convocará a las partes a juicio verbal, que se amoldará a las reglas establecidas para el de igual carácter en el interdicto de adquirir."

De lo expuesto se deduce que al disponer que se concederá el injunction para retener la posesión, a instancia de parte interesada, "siempre que ésta demuestre, a satisfacción de la corte, que ha sido perturbada en la posesión o tenencia de dicha propiedad", la intención del legislador fué la de que el solicitante del injunction para retener la posesión debe demostrar con pruebas satisfactorias para la corte el hecho de que él está en la posesión actual de la finca y los hechos constitutivos de la alegada perturbación; y que la prueba de esos hechos debe ser practicada, aun en el caso en que el demandado no haya comparecido en la fecha señalada para la vista.

El caso de *Valle* v. *Arroyo,* 59 D.P.R. 171, presenta una situación distinta a la del caso de autos. En el citado caso, la parte demandada compareció y formuló una excepción previa basada en la alegada insuficiencia de los hechos expuestos en la demanda. La corte de distrito dictó sentencia sobre las alegaciones y el demandado apeló. Y teniendo en cuenta que una excepción previa de esa naturaleza constituye una admisión de la veracidad de los hechos alegados en la demanda, resolvimos que procede dictar sentencia sobre las alegaciones en una acción de injunction para recobrar la posesión, cuando la demanda contiene todas las alegaciones requeridas por el artículo 691 del Código de Enjuiciamiento

Civil. En el caso de autos la demandada no compareció ni formuló alegación alguna en contra de la demanda. El demandante estaba obligado a demostrar a satisfacción de la corte inferior los hechos esenciales de su demanda. Fué error de la corte sentenciadora dictar sentencia a favor del demandante sin requerir de éste la presentación de evidencia.

*La sentencia recurrida debe ser revocada y el caso devuelto a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*